Daniel J. Weintraub, SBN 132111
James R. Selth, SBN 123420
Nina Z. Javan, SBN 271392
**WEINTRAUB & SELTH, APC**
11766 Wilshire Boulevard, Suite 1170
Los Angeles, CA 90025
Telephone: (310) 207-1494
Facsimile: (310) 442-0660
Email: nina@wsrlaw.net

General Bankruptcy Counsel to
Chapter 11 Debtor and Debtor in Possession,
ANDREW STEPHEN HENNIGAN

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>ANDREW STEPHEN HENNIGAN,<br><br>Debtor and Debtor In Possession. | Case No. 2:18-bk-21885-BB<br><br>Chapter 11<br><br>**THIRD CHAPTER 11 STATUS REPORT**<br><br>**Status Conference:**<br>Date:       May 1, 2019<br>Time:      11:00 a.m.<br>Location: U.S. Bankruptcy Court<br>                255 E. Temple Street<br>                Courtroom 1539<br>                Los Angeles, CA 90012 |

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, SECURED CREDITORS, AND THE TWENTY LARGEST UNSECURED CREDITORS:**

Andrew Stephen Hennigan, the Debtor and Debtor in Possession (the "Debtor") in the Chapter 11 Bankruptcy Case identified as *In re Hennigan*, Case Number 2:18-bk-21885-BB (the "Bankruptcy Case"), hereby submits his third Chapter 11 Status Report in accordance with the Court's *Order Setting Scheduling And Case Management Conference* (the "Initial Scheduling Order", Dkt. No. 6), as supplemented by the Court's oral order at the January 10, 2019 status

-1-

3659.01                THIRD CHAPTER 11 STATUS REPORT

conference hearing (the "Third Status Conference"). As detailed below, the Debtor has continued to make significant progress toward resolution of the major issues in his case.

## I. BRIEF BACKGROUND OF THE DEBTOR

The Debtor, a restructuring attorney who is presently unemployed, filed this Bankruptcy Case on October 10, 2018 (the "Petition Date") to reorganize his financial affairs following the precipitous termination of the Debtor's employment with Paul Hastings. The Debtor's primary assets are (i) his unliquidated wrongful termination, disability discrimination, and related claims against Paul Hastings; (ii) his earned but unpaid wages due from Paul Hastings; and (iii) certain distributions owed but unpaid from a trust under which the Debtor is a beneficiary (the "Wilson Trust"). The Debtor intends to liquidate his claims against Paul Hastings and marshal his other assets to fund a plan of reorganization paying his creditors in full.

## II. EVENTS PRECIPITATING THE DEBTOR'S BANKRUPTCY FILING

The termination of the Debtor's employment, coupled with the Debtor's inability to immediately find replacement employment, led to the Debtor's gradual accumulation of unsecured debt over time.

## III. THE DEBTOR'S PLANS FOR HIS CHAPTER 11 CASE

The Debtor intends to liquidate his claims against Paul Hastings and marshal his other assets to fund a plan of reorganization paying his creditors in full.

## IV. PRIMARY OBSTACLES TO REORGANIZATION AND INTENDED RESOLUTION OF THE SAME

### A. Resolution of Claims Against Paul Hastings

The Debtor has identified competent litigation counsel, Lindemann Law, APC, to represent the bankruptcy estate in the liquidation of its claims against Paul Hastings. Regrettably, the Debtor has determined that litigation against Paul Hastings will be necessary to resolve the claims related to the termination of his employment. This determination is based on the fact that the parties have ceased communications following five (5) months of negotiations and the consensual resolution of these claims is, at present, unforeseeable. Recently, Paul Hastings' counsel, Mr. Alfred Feliu, abruptly informed Blake J. Lindemann of Lindemann Law, APC that he is no longer representing

the firm in the instant matter.[1] In addition, Paul Hastings has failed to apprise the Debtor of the current status of its legal representation vis-à-vis the claims held by the bankruptcy estate.

### B. Turnover Of Funds By the Wilson Trust

General counsel for the Debtor has been in contact with counsel for the Trustee of the Wilson Trust, who indicated (on April 11, 2019), that he would be sending out a notice to approve the last accounting provided as to the trust so that distributions could proceed upon expiration of the notice period. Counsel for the Debtor will continue to follow up with counsel for the trust.

### C. Obtaining New Employment

The Debtor is continuing to search for new employment. In the interim, he has applied for unemployment benefits.

### V. THE DEBTOR'S COMPLIANCE WITH HIS DUTIES

The Debtor has complied, and continues to comply, with all his duties under 11 U.S.C. §§ 521 and 1107, as well as the requirements of Rule 2015-2(a) & (b) of the Local Bankruptcy Rules of the Central District of California. Specifically, (1) the Debtor has filed the required Schedules and Statement of Financial Affairs and is in full compliance with Section 521; (2) he is exercising his powers as a debtor in possession in accordance with Section 1107; and (3) he has filed the periodic status reports required by the Initial Scheduling Order (as supplemented from time to time by the Court's oral orders at the status conference hearings in the Bankruptcy Case).

Further, the Debtor is in compliance with the duties imposed by the Office of the United States Trustee ("OUST"). He timely submitted his "7-Day" package to the OUST and completed both his Initial Debtor Interview and Section 341(a) Meeting of Creditors. He has filed all his monthly operating reports, including the report for the month ending on March 31, 2019 (Dkt. No. 122), and he has paid all OUST quarterly fees but for the fee due by April 30, 2019.

### VI. CASH COLLATERAL

There are no creditors asserting an interest in cash collateral.

///

---

[1] A copy of Mr. Feliu's email informing Mr. Lindemann of that fact is attached as **Exhibit "1"**.

## VII. EMPLOYMENT OF PROFESSIONALS

### A. General Bankruptcy Counsel

The Debtor initiated the Bankruptcy Case as a *pro se* filer but was directed by the Bankruptcy Court to locate competent bankruptcy counsel to assist him in complying with his duties as a debtor in possession and in guiding the course of his Bankruptcy Case. In response, the Debtor retained Weintraub & Selth, APC. The Application to employ Weintraub & Selth, APC was filed March 1, 2019 (Dkt. No. 45) and approved by an order entered March 22, 2019 (Dkt. No. 50).

### B. Special Litigation Counsel

As stated above, the Debtor intends to retain Lindemann Law, APC to handle the litigation resolution of his claims against Paul Hastings. Lindemann Law, APC has agreed to undertake the representation on a contingency basis. The Debtor anticipates having the application to employ special litigation counsel on file by the continued status conference.

### C. Trial Consultant

The Debtor previously filed an application to employ VWM Analytics, LLC as a trial consultant/expert (Dkt. No. 41), but the application was not properly served, so the Debtor has not yet lodged an order on it. The Debtor intends to re-serve the application at the same time as the application to employ special counsel is served in order to minimize postage costs.

## VIII. CLAIMS BAR DATE

The Court set a regular claims bar date of February 4, 2019 in the Bankruptcy Case. The Debtor served the Notice of Claims Bar Date on December 21, 2018.

## IX. PROPOSED DEADLINE TO FILE A PLAN AND DISCLOSURE STATEMENT

No deadline has been set. The Debtor proposes the Chapter 11 Status Conference be further continued prior to setting a deadline to file a plan and disclosure statement. This will allow time for litigation against Paul Hastings to commence and for the Debtor to locate new employment.

## X. FUTURE STATUS CONFERENCES AND OTHER DEADLINES

By this status report, the Debtor requests that the Court further continue the Chapter 11 status conference without setting a deadline to file a plan and disclosure statement. The Debtor believes that a continuance will allow the Debtor to initiate litigation against Paul Hastings. Since

1  the claims against Paul Hastings are his most significant asset, his ability to propose a meaningful
2  plan is partially dependent upon resolutions of those claims.  Accordingly, the Debtor requests that
3  the Court continue the status conference by approximately sixty (60) days to July 2, 2019.

Dated:  April 19, 2019                                          **WEINTRAUB & SELTH, APC**

                                                        By      __/s/Nina Z. Javan_____
                                                                Daniel J. Weintraub
                                                                Nina Z. Javan
                                                                General Bankruptcy Counsel for
                                                                Chapter 11 Debtor and Debtor in Possession,
                                                                ANDREW STEPHEN HENNIGAN

# EXHIBIT 1

**From:** Blake J. Lindemann blake@lawbl.com
**Subject:** Fwd: Hennigan v. Paul Hastings
**Date:** April 12, 2019 at 2:29 PM
**To:** andrewshennigan@gmail.com



Blake J. Lindemann, Esq.
433 N. Camden Drive, 4th Floor
Beverly Hills, CA 90210
Telephone: 310-279-5269  Facsimile: 310-300-0267

CONFIDENTIALITY NOTICE: This electronic message is intended only for named recipient(s).  It contains information that may be confidential, privileged, attorney work product, or otherwise exempt from disclosure under applicable law.  If you have received this message in error, are not a named recipient, or are not the employee or agent responsible for delivering this message to a named recipient, be advised that any review, disclosure, use, dissemination, distribution, or reproduction of this message or its contents is strictly prohibited.

Begin forwarded message:

**From:** <afeliu@feliulaw.com>
**Date:** April 12, 2019 at 2:26:11 PM PDT
**To:** 'Blake J Lindemann' <blake@lawbl.com>
**Cc:** "'Bernstein, Marc'" <marcbernstein@paulhastings.com>
**Subject: RE: Hennigan v. Paul Hastings**
**Reply-To:** <afeliu@feliulaw.com>

Dear Mr. Lindemann:

I will not be representing Paul Hastings in this matter.  Please direct your inquiries to Marc Bernstein, who is copied on this message.

Thank you,
Al Feliu

**Alfred G. Feliu, Esq.**



60 E. 42nd Street, 46th floor
New York, N.Y. 10165
212.763.6802 (office)
212.763.6807 (fax)

website | vCard | my linkedin | email

**From:** Blake J Lindemann <blake@lawbl.com>
**Sent:** Friday, April 12, 2019 4:30 PM
**To:** Alfred Feliu <afeliu@feliuadr.com>
**Subject:** Hennigan v. Paul Hastings

Dear Mr. Feliu:

I have been retained by Mr. Hennigan in his dispute with PH.  It is my understanding that Mr. Hennigan was due documents that he had requested from PH.  Can you forward the requested documents to me at your earliest convenience?

Thanks, and Best Regards,

**EXHIBIT 1**    Page 6 of 7

Blake J. Lindemann, Esq.
433 N. Camden Drive, 4th Floor
Beverly Hills, CA 90210
Telephone: 310-279-5269   Facsimile: 310-300-0267

CONFIDENTIALITY NOTICE: This electronic message is intended only for named recipient(s).  It contains information that may be confidential privileged, attorney work product, or otherwise exempt from disclosure under applicable law.  If you have received this message in error, are not a named recipient, or are not the employee or agent responsible for delivering the message to a named recipient, be advised that any review, disclosure, use, dissemination, distribution, or reproduction of this message or its contents is strictly prohibited.

**EXHIBIT 1**                                                                 Page 7 of 7

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

11766 Wilshire Boulevard, Suite 1170, Los Angeles, CA 90025

A true and correct copy of the foregoing document entitled (*specify*):

**THIRD CHAPTER 11 STATUS REPORT**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 4/19/2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 4/19/2019 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 4/19/2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 4/19/2019 | Milesha McCall | /s/ Milesha McCall |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

# ADDITIONAL SERVICE INFORMATION (if needed):

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

ON BEHALF OF DEBTOR: Nina Z Javan    nina@wsrlaw.net, brian@wsrlaw.net

ON BEHALF OF OUST: Kenneth G. Lau    Kenneth.g.lau@usdoj.gov

OUST: United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

ON BEHALF OF DEBTOR: Daniel J. Weintraub    dan@wsrlaw.net, vinnet@ecf.inforuptcy.com; brian@wsrlaw.net

ON BEHALF OF OUST: Hatty K. Yip    hatty.yip@usdoj.gov

2. **TO BE SERVED BY UNITED STATES MAIL:**

| TWENTY LARGEST UNSECURED CREDITORS | | |
|---|---|---|
| American Education Services<br>P.O. Box 2461<br>Harrisburg, PA 17105-2461 | American Express<br>111 8th Ave.<br>New York, NY 10011 | Anne Raine<br>690 Harbor Street, Apt. 3<br>Venice, CA 90291 |
| Bank of America<br>P.O. Box 982238<br>El Paso, TX 79998 | Citi Card<br>P.O. Box 6500<br>Sioux Falls, SD 57117 | Consolidated Edison<br>4 Irving Place, Rm 175<br>New York, NY 10003 |
| FirstService Residential<br>622 3rd Street<br>New York, NY 10017 | Internal Revenue Service<br>300 North Los Angeles St.<br>M/S 5022<br>Los Angeles, CA 90012 | JP Morgan Chase Manhattan<br>P.O. Box 15298<br>Wilmington, DE 19850 |
| NYU Langone Health<br>70 Washington Square South<br>New York, NY 10012 | Nelnet<br>Attn: Claims<br>P.O. Box 82505<br>Lincoln, NE 68501-2505 | PACER Service Center<br>POB 71364<br>Philadelphia, PA 19176-1364 |
| TD Bank<br>Toronto-Dominion Centre<br>P.O. Box 193<br>Toronto, ON M5K1H6<br>CANADA | Chase Manhattan<br>P.O. Box 15298<br>Wilmington, DE 19850 | |

| **SECURED CREDITORS** | | |
|---|---|---|
| | NONE | |

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL:**

**VIA ATTORNEY SERVICE/PERSONAL DELIVERY**:

CHAMBERS COPY: Honorable Sheri Bluebond, U.S. Bankruptcy Court, 255 E. Temple Street, Suite 1534, Los Angeles, CA 90012