| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Daniel J. Weintraub, SBN 132111<br>James R. Selth, SBN 123420<br>Nina Z. Javan, SBN 271392<br>WEINTRAUB & SELTH, APC<br>11766 Wilshire Blvd., Suite 1170<br>Los Angeles, CA 90025<br>Telephone: (310) 207-1494<br>Facsimile: (310) 442-0660<br>Email: Dan@wsrlaw.net<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* ANDREW STEPHEN HENNIGAN | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>ANDREW STEPHEN HENNIGAN,<br><br>    Debtor and Debtor in Possession<br><br><br><br><br><br><br><br>              Debtor(s). | CASE NO.: 2:18-bk-21885-BB<br>CHAPTER: 11<br><br>**NOTICE OF MOTION FOR:**<br>ORDER AUTHORIZING WEINTRAUB & SELTH, APC TO WITHDRAW AS GENERAL BANKRUPTCY COUNSEL; DECLARATION OF DANIEL J. WEINTRAUB IN SUPPORT THEREOF<br><br>(***Specify name of Motion***)<br><br>DATE: 07/03/2019<br>TIME: 10:00 am<br>COURTROOM: 1539<br>PLACE: 255 E. Temple Street<br>     Los Angeles, CA 90012 |

1. TO (*specify name*): the Honorable Sherri Bluebond, the Debtor and the Office of the United States Trustee:

2. NOTICE IS HEREBY GIVEN that on the following date and time and in the indicated courtroom, Movant in the above-captioned matter will move this court for an Order granting the relief sought as set forth in the Motion and accompanying supporting documents served and filed herewith. Said Motion is based upon the grounds set forth in the attached Motion and accompanying documents.

3. **Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*    Page 1    **F 9013-1.1.HEARING.NOTICE**

4. **Deadline for Opposition Papers:** This Motion is being heard on regular notice pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response with the court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date. If you fail to file a written response to this Motion within such time period, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

5. **Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according to the judge's self-calendaring procedures.

Date: 06/06/2019

Weintraub & Selth, APC
Printed name of law firm

/s/ Daniel J. Weintraub
Signature

Daniel J. Weintraub
Printed name of attorney

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*    Page 2    **F 9013-1.1.HEARING.NOTICE**

Daniel J. Weintraub, SBN 132111
James R. Selth, SBN 123420
Nina Z. Javan, SBN 271392
**WEINTRAUB & SELTH, APC**
11766 Wilshire Boulevard, Suite 1170
Los Angeles, CA 90025
Telephone: (310) 207-1494
Facsimile: (310) 442-0660
Email: f cp@wsrlaw.net

General Bankruptcy Counsel to
Chapter 11 Debtor and Debtor in Possession,
ANDREW STEPHEN HENNIGAN

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No. 2:18-bk-21885-BB |
| ANDREW STEPHEN HENNIGAN, | Chapter 11 |
| Debtor and Debtor in Possession. | **MOTION FOR ORDER AUTHORIZING WEINTRAUB & SELTH, APC TO WITHDRAW AS GENERAL BANKRUPTCY COUNSEL; DECLARATION OF DANIEL J. WEINTRAUB IN SUPPORT THEREOF** |
| | [Local Bankruptcy Rule 2091-1] |
| | **Hearing**: |
| | Date:     July 3, 2019<br>Time:     10:00 a.m.<br>Location: Courtroom 1539<br>          255 E. Temple St.<br>          Los Angeles, CA 90012 |

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

Weintraub & Selth, APC (the "Firm"), counsel of record for Chapter 11 Debtor and Debtor in Possession Andrew Stephen Hennigan (the "Debtor") in the pending bankruptcy case

-1-

identified as *In re Andrew Stephen Hennigan*, Bankruptcy Case No. 2:18-bk-21885-BB (the "Bankruptcy Case") hereby moves this Court for an order granting the Firm leave to withdraw as general bankruptcy counsel for the Debtor in the Bankruptcy Case (the "Motion to Withdraw").

This Motion to Withdraw is being filed pursuant to Rules 2091-1 and 9013-1(p) (4) of the Local Bankruptcy Rules for the Central District of California and is based on the following facts, the annexed Memorandum of Points and Authorities and Declaration of Daniel J. Weintraub (the "Weintraub Declaration"), the concurrently filed Notice of the Motion to Withdraw, all documents on file in the Bankruptcy Case, and upon such further evidence as may be presented before or at the hearing on this Motion to Withdraw.

Pursuant to Local Rule 2019-1(a), the Motion to Withdraw has been served on the Debtor, the Office of the United States Trustee, and counsel for each of the foregoing.

**WHEREFORE**, the Firm respectfully requests that the Court enter an Order:

1. Granting leave for the Firm to withdraw as counsel for the Debtor; and

2. Granting such other and further relief as this Court deems just and proper under the circumstances.

Dated: June 6, 2019                          **WEINTRAUB & SELTH, APC**

By /s/ *Daniel J. Weintraub*
    Daniel J. Weintraub
    James R. Selth
    Nina Z. Javan
    General Bankruptcy Counsel for
    Chapter 11 Debtor and Debtor in Possession,
    ANDREW STEPHEN HENNIGAN

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  STATEMENT OF RELEVANT FACTS & DISCUSSION

On October 10, 2018, the Debtor commenced the Bankruptcy Case by filing a Chapter 11 petition in *pro per*. The Firm substituted into the Bankruptcy Case on February 28, 2019, and on March 1, 2019, filed an *Application to Employ Weintraub & Selth, APC as General Bankruptcy Counsel* (the "Employment Application", Dkt. No. 45). The Order granting the Employment Application and employing the Firm as the Debtor's general bankruptcy counsel was entered on March 22, 2019 (Dkt. No. 50).

As set forth in the attached Weintraub Declaration, the relationship of trust and confidence that is essential to a properly functioning attorney-client relationship has broken down and, in the good faith assessment of counsel, the relationship is irreparable. Withdrawal is appropriate under such circumstances. If the Court concludes that additional information regarding the nature of the breakdown is necessary to decide the motion, counsel requests the opportunity to present such evidence *in camera* in order to protect the confidential nature of the relationship between counsel and its client. *See, e.g.,* Manfredi & Levine v. Superior Court (1998) 66 Cal.App.4th 1128, 1133 (general description of situation sufficient to support withdrawal where there is no reason to doubt counsel's good faith; *in camera* hearing may be held to obtain further non-privileged facts supporting the motion where necessary); Aceves v. Superior Court, (1996) 51 Cal.App.4th 584.

In moving to withdraw, the Firm has avoided foreseeable prejudice, and the Firm's withdrawal will not delay or prejudice these proceedings. On May 17, 2019, the Debtor learned of the Firm's desire to withdraw and the Firm's request that Debtor to search for and locate replacement legal counsel. In connection with the instant motion, and on May 28, 2019, the Firm again encouraged the Debtor to locate replacement counsel. Debtor has been afforded a reasonable period of time to identify replacement counsel and has not yet done so.

The Firm is ready, willing and able to cooperate in a smooth transaction of the bankruptcy file and will make the client file available to Debtor or Debtor's replacement counsel promptly upon the granting of this motion.

The Firm's withdrawal will not delay or prejudice these proceedings. The next scheduled hearing date in this case is a Status Conference set for August 14, 2019 at 2:00 p.m., with the Status Report due August 2, 2019. There is sufficient time to complete all the tasks which need to be completed by the date of the Status Conference. There are no other dates scheduled in the Bankruptcy matter at this time.

## II. ARGUMENT

### A. Cause Exists for an Order Granting Leave for the Firm to Withdraw as Counsel of Record for The Debtor

A Federal Court has the authority to permit an attorney to withdraw from an action at any time for good and sufficient cause, and upon reasonable notice. In re Wynn, 889 F.2d 644, 646 (5th Cir. 1989) ("An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client."); *see also* Lovvorn v. Johnston, 118 F.2d 704, 706 (9th Cir. 1941).

Rule 1.16 [formerly Rule 3-700] of the California Rules of Professional Conduct sets forth when an attorney shall or may withdraw from representing a client. Rule 1.16(b) states that "a lawyer may withdraw from representing a client" in several circumstances, including:

> (4) the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively;
>
> . . .
>
> (10) the lawyer believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal.

This Motion is brought on the grounds that the relationship of trust and confidence so necessary to the effective and proper functioning of an attorney-client relationship has ceased to exist and, in the good faith judgment of counsel, has been permanently and irreparably damaged. As a result, the Firm has determined that it can no longer effectively represent the Debtor and has

sought permission to be relieved. Because the Debtor has objected to the Firm's withdrawal, this motion has become necessary.

The breakdown in the attorney-client relationship has long been recognized as a ground for authorizing the attorney to withdraw. *See, e.g.* Rus, Miliband & Smith v. Conkle & Olesten (2003) 113 Cal.App.4th 656, 673 ("The law can afford to take a relatively permissive attitude toward withdrawals *qua withdrawals*. If attorney and client cannot agree, how can they litigate together? There is no need to unequally yoke a union when one of the parties clearly wants out.").

Due to the breakdown of the relationship between the Firm and the Debtor set forth in the attached Weintraub Declaration, cause exists for this Court to enter an Order granting leave for the Firm to withdraw as counsel of record in the Bankruptcy Case.

### B. The Firm Has Complied with Local Rule 2091-1(c)(3)

Local Rule 2091-1(c)(3) provides that:

> An attorney seeking withdrawal or substitution who has appeared on behalf of an entity both in the case and one or more proceedings must give notice of the proposed substitution or motion for leave to withdraw to all entities entitled to notice under subsections (c)(1) and (2) of this rule.

The Firm has served a copy of this Motion to Withdraw on the Debtor and the United States Trustee, as well as proposed special counsel Blake J. Lindemann. Based upon the foregoing, the provisions of Local Rule 2091-1(c)(3) have been satisfied.

//
//
//
//
//
//
//
//

-5-

3659.01    MOTION TO WITHDRAW AS GENERAL BANKRUPTCY COUNSEL

### III. CONCLUSION

Based upon the foregoing, the Firm respectfully requests that this court enter an Order granting the Firm leave to withdraw as counsel for the Debtor in the Bankruptcy Case, and for such other relief as this Court deems just and proper.

Dated: June 6, 2019                                            WEINTRAUB & SELTH, APC

By __/s/ *Daniel J. Weintraub*_____
    Daniel J. Weintraub
    James R. Selth
    Nina Z. Javan
    General Bankruptcy Counsel for
    Chapter 11 Debtor and Debtor in Possession,
    ANDREW STEPHEN HENNIGAN

## DECLARATION OF DANIEL J. WEINTRAUB

I, Daniel J. Weintraub, declare and state as follows:

1. I am an attorney at law licensed in the State of California, am admitted to practice before the Central District of California, and am the managing partner of Weintraub & Selth, APC (the "Firm"), counsel of record for Andrew Stephen Hennigan, the Chapter 11 Debtor and Debtor in Possession (the "Debtor"), in the above-captioned case. Each of the facts contained in this declaration is based on my personal knowledge and if called as a witness, I could and would competently testify thereto.

2. I make this Declaration in support of the *Motion for Order Authorizing Weintraub & Selth, APC to Withdraw as General Bankruptcy Counsel* (the "Motion to Withdraw") to which this Declaration is annexed.

3. On October 10, 2018, the Debtor commenced the Bankruptcy Case by filing a Chapter 11 petition in *pro per*. The Firm substituted into the Bankruptcy Case as general bankruptcy counsel on February 28, 2019.

4. On March 1, 2019, the Firm filed an *Application of Chapter 11 Debtor and Debtor in Possession to Employ Weintraub & Selth, APC as General Bankruptcy Counsel Effective February 28, 2019* (Dkt. No. 45). The Order approving the Employment Application and employing the Firm as the Debtor's general bankruptcy counsel in the Bankruptcy Case was entered on March 22, 2019 (Dkt. No. 50).

5. There has been a fundamental and material breakdown in the relationship between the Firm and the Debtor. The relationship of trust and confidence necessary to the proper functioning of an attorney-client relationship has ceased to exist. In my good faith judgment, the attorney-client relationship has been irreparably damaged and it is no longer possible to carry on an attorney-client relationship with the necessary degree of trust and confidence which is foundational to that relationship. While I do not believe the precise nature of the breakdown can be described without potentially violating the attorney-client privilege or breaching client confidentiality, I am prepared to respond to any questions the court may have *in camera*, if necessary, subject to the limits imposed by case law.

6. On May 17, 2019, after the Firm's request for permission to withdraw was declined by the Debtor, I notified the Debtor of the Firm's intention to file a Motion to Withdraw on May 28, 2019, and recommended that the Debtor to seek new counsel as quickly as possible, while offering full cooperation in transitioning to such new counsel. I again notified the Debtor on May 28 that the Firm intended to file a Motion to Withdraw and encouraged the Debtor to locate new counsel. As of the date of this Declaration, the Debtor has not identified new counsel to the Firm. The Debtor has stated that he intends to oppose the instant Motion to Withdraw.

7. At this time, the only pending matter in the Bankruptcy Case is the continued Chapter 11 Status Conference scheduled to take place on August 14, 2019 at 2:00 p.m., with a status report due August 2, 2019. I therefore believe that the Firm's withdrawal at this time will not unreasonably prejudice the Debtor.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration was executed by me on the 6th day of June, 2019 at Los Angeles, California.

/s/ *Daniel J. Weintraub*

_____
DANIEL J. WEINTRAUB

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

11766 Wilshire Blvd., Suite 1170, Los Angeles, CA 90025

A true and correct copy of the foregoing document entitled **_NOTICE OF MOTION FOR:_ and _MOTION FOR ORDER AUTHORIZING WEINTRAUB & SELTH, APC TO WITHDRAW AS GENERAL BANKRUPTCY COUNSEL; DECLARATION OF DANIEL J. WEINTRAUB IN SUPPORT THEREOF_** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 6, 2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On **June 6, 2019**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR**: Andrew Hennigan, 690 Harbor St., Venice, CA 90291
**LITIGATION COUNSEL FOR DEBTOR**: Blake Lindemann, Lindemann Law Firm, 433 N. Camden Drive, Beverly Hills, CA 90210

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **June 6, 2019**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

ATTORNEY/PERSONAL SERVICE:
**JUDGE**: The Hon. Sheri Bluebond, 255 E. Temple Street, Suite 1534, Los Angeles, CA 90017

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 6, 2019 | Brian Reed | /s/ *Brian Reed* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

# ADDITIONAL SERVICE INFORMATION (if needed):

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

ON BEHALF OF DEBTOR: Nina Z Javan    nina@wsrlaw.net, brian@wsrlaw.net, gabby@wsrlaw.net

ON BEHALF OF OUST: Kenneth G. Lau    Kenneth.g.lau@usdoj.gov

OUST: United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

ON BEHALF OF DEBTOR: Daniel J. Weintraub dan@wsrlaw.net, vinnet@ecf.inforuptcy.com; brian@wsrlaw.net; gabby@wsrlaw.net

ON BEHALF OF OUST: Hatty K. Yip    hatty.yip@usdoj.gov